UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON SPENCER WEEKS,

    Petitioner,

v.                                           Case No.: 8:09-cv-1173-T-24
                                                                      8:94-cr-65-T-24

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court upon Petitioner Jason Spencer Weeks' motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 557). Additionally, he has filed a motion for leave to file a brief in support of his § 2255 motion. (CV Doc. No. 4). Because review of the motions and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.  Background**

In December of 1994, after a jury trial, Petitioner was found guilty of conspiracy, fraud, money laundering, interstate transportation of stolen property, conspiracy to murder, possession of unregistered firearm silencers, and illegal possession of a firearm and ammunition by a fugitive. (CR Doc. No. 264). He was sentenced on March 22, 1995. (CR Doc. No. 324, 325), and he appealed his sentence on March 29, 1995. (CR Doc. No. 330). On April 17, 1998, the

Eleventh Circuit affirmed his judgment and sentence. (CR Doc. No. 457).

On December 23, 1998, he filed a § 2255 motion to vacate his sentence, and on August 20, 1999, he withdrew the § 2255 motion. (CR Doc. No. 467, 484). Thereafter, he applied to the Eleventh Circuit for permission to file a successive § 2255 motion, and his request was denied on January 26, 2006. (CR Doc. No. 499). On June 1, 2009, Petitioner filed the instant § 2255 motion.

## II. Discussion

Petitioner asserts four grounds in support of his contention that he is entitled to relief under § 2255. However, because his motion is untimely and a successive filing, the motion is denied.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for § 2255 motions:

> [The AEDPA] established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:
>
> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. U.S.*, 304 F.3d 1035, 1037-38 (11th Cir. 2002)(citing 28 U.S.C. § 2255(f)(1)-(4)). Petitioner appealed his conviction, and the Eleventh Circuit entered its judgment affirming the

conviction on April 17, 1998. Thereafter, Petitioner had until July 16, 1998 to petition the Supreme Court for review. Petitioner did not do so, and as such, his judgment of conviction became final on July 16, 1998. *See Clay v. U.S.*, 537 U.S. 522, 527 (2003)(stating that after a non-meritorious appeal, "[f]inality attaches when th[e] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

Since the one-year limitations period began to run on July 16, 1998, Petitioner's § 2255 motion was required to be filed by July 16, 1999 in order to be timely. However, Petitioner did not mail the instant § 2255 motion until June 1, 2009, more than a year after the expiration of the one-year limitations period. As a result, his § 2255 motion is untimely and must be denied.

### B. Successive Filing

Additionally, this motion must be denied as it is a successive filing. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case.

### C. Leave to File Brief

Because Petitioner's § 2255 motion is both untimely and a successive motion, the Court denies Petitioner's motion for leave to file a brief in support of his § 2255 motion.

## III. Conclusion

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 557) is **DENIED** as time-barred and as a successive filing. Additionally, his motion for leave to file a brief (CV Doc. No. 4) is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil

case and to close the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of June, 2009.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner